UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MICHAEL DELESLINE,

                            Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER
BJONDIN SKENDER (SHIELD NO. 29051) AND
POLICE OFFICER WILSON SAGARDIA
(SHIELD NO. 5062),

                         Defendants.
----------------------------------------------------------------------X

**Civil Action No.**

**COMPLAINT**

Plaintiff MICHAEL DELESLINE, by his attorney, the Law Office of Jeff Henle, P.C., hereby brings this action under 42 U.S.C. § 1983 to redress his civil and legal rights, and alleges the following:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff, MICHAEL DELESLINE, seeks relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

4. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that Defendant CITY OF NEW YORK (hereafter "City") is administratively located within the Southern District of New York, and the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

6. At all times relevant to this action, Plaintiff, MICHAEL DELESLINE was a resident of Bronx County, New York.

7. Defendant City is and was at all times relevant herein a municipal entity created and authorized under the law of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance and the employment of police officers, detectives, sergeants, lieutenants and other personnel. Defendant City, was at all times relevant to the events herein, the employer of Police Officer Bjondin Skender and Police Officer Wilson Sagardia.

## NOTICE OF CLAIM

8. Pursuant to General Municipal Law § 50, Plaintiff timely filed a notice of

claim with the Comptroller of the City of New York setting forth the facts underlying the Plaintiff's claim against City.

9.More than thirty days have elapsed since said notices, and the City has failed to pay or adjust the claims.

10.The City conducted its 50-h examination of plaintiff on December 5, 2016.

11.This action has been commenced within one year and ninety days of all incidents relevant to this litigation.

## FACTUAL ALLEGATIONS

### First Incident

12.On or about June 22, 2015, Police Officer Bjondin Skender and other police officers, acting in concert and without cause, arrested Michael Delesline at on a public street at the intersection of East 227th Street and Laconia Avenue in Bronx, New York.

13.Delesline was transferred to the 47th precinct for processing.

14.Delesline was subsequently transported to Central Booking in Bronx County Criminal Court located at 215 East 161st Street, Bronx, New York 10451.

15.On June 24, 2015, Delesline was arraigned on Penal Law §265.02(8) (Criminal Possession of a Weapon in the Third Degree), Penal Law §265.02(1) (Criminal Possession of a Weapon in the Third Degree), Penal Law §265.01-b(1) (Criminal Possession of a Firearm), Penal Law §265.01(1) (Criminal Possession of a Weapon in the Fourth Degree), Administrative Code 10-131(i)(3) (Possession of Ammunition) and Penal Law §221.05 (Unlawful Possession of Marijuana) charges. The matter was assigned Docket No. 2015BX028475.

16.Bail was set in the case and Delesline remained in the custody of the New York

City Police Department or New York City Department of Corrections for some six days.

17. There was no probable cause to arrest, detain or prosecute the Michael Delesline.

18. Delesline was subsequently indicted and the case was assigned indictment number 2044-2015. Delesline was required to appear in court on several dates in 2015 and 2016. In May 2016, the New York State Supreme Court Criminal Term (Bronx County) dismissed the criminal charges brought against Delesline. The records of Delesline's arrest, arraignment, indictment and prosecution were sealed pursuant to Criminal Procedure Law §160.50.

## Second Incident

19. On or about December 16, 2015, at approximately 3:00 P.M., Police Officer Wilson Sagardia and other police officers, acting in concert and without cause, arrested Michael Delesline at on a public street in front of 1058 East 228th Street in Bronx, New York.

20. Delesline was transferred to the 47th precinct for processing.

21. Delesline was subsequently transported to Central Booking in Bronx County Criminal Court located at 215 East 161st Street, Bronx, New York 10451.

22. On December 17, 2015, Delesline was arraigned on Penal Law §155.30(1) (Grand Larceny in the Fourth Degree), Penal Law §165.45(1) (Criminal Possession of Stolen Property in the Fourth Degree), Penal Law §155.25 (Petit Larceny) and Penal Law §165.40 (Criminal Possession of Stolen Property in the Fifth Degree) charges. The matter was assigned Docket No. 2015BX059287.

23. Delesline remained in the custody of the New York City Police Department or

New York City Department of Corrections for some thirty hours.

24. There was no probable cause to arrest, detain or prosecute the Michael Delesline.

25. Delesline was required to appear in court on several dates in 2016. On July 29, 2016, the New York City Criminal Court (Bronx County) dismissed the criminal charges brought against Delesline. The records of Delesline's arrest, arraignment, and prosecution were sealed pursuant to Criminal Procedure Law §160.50.

### Third Incident

26. On or about August 24, 2016, at approximately 4:30 P.M., Police Officer Bjondin Skender and other police officers, acting in concert and without cause, arrested Michael Delesline at on a public street in the vicinity of the intersection of East 228th Street and Laconia Avenue in Bronx, New York.

27. Delesline was transferred to the 47th precinct for processing. Delesline was advised that he had "open warrants" that needed to be cleared.

28. Delesline was subsequently transported to Central Booking in Bronx County Criminal Court located at 215 East 161st Street, Bronx, New York 10451.

29. On August 25, 2016, Delesline appeared before the Hon David Kirschner in Part AR2 in Bronx County. Judge Kirschner advised Delesline that he had no open warrants and that he was free to go.

30. Delesline remained in the custody of the New York City Police Department or New York City Department of Corrections for some twenty-four hours.

31. There was no probable cause to arrest, detain or prosecute Michael Delesline.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: DEPRIVATION OF RIGHTS UNDER THE FOURTH & FOURTEENTH AMENDMENT OF THE CONSITUTION AS WELL AS 42 U.S.C. § 1983

32. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 31 of this complaint as though fully set forth herein.

33. The conduct of the defendants, as described herein, amounted to false arrest, malicious abuse of process, unreasonable detention, abuse of authority, a pattern of harassment, denial of due process rights and malicious prosecution.

34. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

35. As a direct consequence of the defendants' actions, plaintiff was subjected to the deprivation of his liberty, humiliation, emotional distress and was otherwise damaged and injured.

36. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City

37. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38. Defendant City, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers and law enforcement personnel.

39. Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and law enforcement personnel. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

40. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, and the right to due process.

41. By these actions, defendants have deprived plaintiff of his rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

**THIRD CAUSE OF ACTION: CONSPIRACY**

42. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 41 of this complaint as though fully set forth herein.

43. Defendants under the color of law conspired to deprive Michael Delesline of his constitutional rights to be free of unlawful arrest, false imprisonment and malicious prosecution.

44. Defendants were cognizant of the fact that they could not establish reasonable cause that Michael Delesline was guilty of the crimes of which he was accused.

Nonetheless, defendants conspired to ensure that Michael Delesline was arrested, imprisoned and prosecuted before the charges were ultimately dismissed on two occasions. On the third occasion, Michael Delesline was released from custody because there was no basis to detain him in the first place.

## FOURTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 44 of this complaint as though fully set forth herein.

46. Defendants' decision to arrest, imprison and prosecute Michael Delesline in these three matters was extreme, outrageous and intolerable in a civilized society.

47. The defendants' conduct was intended to and did in fact cause emotional distress to Michael Delesline.

48. As a result of the foregoing, the plaintiff was deprived of his liberty, subjected to emotional pain and suffering, and otherwise damaged and injured.

## FIFTH CAUSE OF ACTION: RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

49. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 48 of this complaint as though fully set forth herein.

50. The conduct of Police Officers Bjondin Skender and Wilson Sagardia occurred while they were in the course of their employment as NYPD Police officers. As a result, defendant City, is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of

the defendants:

a. Compensatory damages against all defendants in an amount to be determined by a jury;

b. Punitive damages against all defendants in an amount to be determined by a jury;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs, interest and attorney's fees;

e. Such other and further relief as this Court may deem just and proper.


Dated: New York, New York
       March 20, 2017

                                  Law Office of Jeff Henle, P.C.

                                  _____/s/_____.
                                  By: Jeff Henle
                                  Attorney for Plaintiff
                                  708 Third Avenue, Fifth Floor
                                  New York, NY 10017
                                  Tel. No.: (212) 209-1034
                                  Fax No.: (646) 349-2174
                                  Email: jhenle@jeffhenlelaw.com